UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON ALEXANDER ROWELL,<br><br>               Plaintiff,<br><br>            -against-<br><br>METROPOLITAN LIFE INSURANCE COMPANY;<br>JAMES MURPHY,<br><br>               Defendants. | 25-CV-6881 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who resides in Minnesota, brings this employment discrimination action, *pro se*, under Title VII of the Civil Rights Act and 42 U.S.C. § 1981, alleging that Defendant Metropolitan Life Insurance Company ("MetLife") discriminated against him because of his race when he worked at a MetLife office in Atlanta, Georgia. Plaintiff also names as a defendant, James Murphy, and provides a 28 Liberty Street, New York, New York, address for this individual; Plaintiff does not otherwise identify this individual or describe how Murphy participated in any discriminatory conduct when Plaintiff worked at MetLife in Atlanta.

      For the following reasons, the Court transfers this action under 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Georgia.

## BACKGROUND

      Plaintiff alleges that he worked at a MetLife office in Atlanta, Georgia, and MetLife "constructively terminated" him because of his race, in violation of Title VII and 42 U.S.C. § 1981. He also alleges that he received his right-to-sue letter on November 25, 2011. According to publicly available records maintained on the Public Access to Court Electronic Records ("PACER"), Plaintiff previously filed a Title VII action against MetLife in the Northern District

of Georgia.[1] *See Rowell v. Metro. Life. Ins. Co.*, No. 12-CV-0491 (WSD) (N.D. Ga. Nov. 19. 2013) ("*Rowell I*"). On November 18, 2013, the district court in *Rowell I* granted MetLife's motion for summary judgment, and on September 4, 2014, the United States Court of Appeals for the Eleventh Circuit affirmed the district court's decision. *See id.* (Doc. Nos. 72-73).

## DISCUSSION

The Court concludes that this new discrimination action should be transferred to the United States District Court for the Northern District of Georgia under Title VII's venue provision, and the general venue provision.

A.  **Title VII's venue provision**

Title VII includes a venue provision, which provides that claims may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

Here, the Court concludes that transfer of the Title VII claims to the Northern District of Georgia is proper. First, Plaintiff alleges that the unlawful employment practice occurred in Georgia, where the records regarding Plaintiff's employment are likely maintained. Because Plaintiff does not suggest that he would have worked in another location, but for the alleged

---

[1] The Court takes judicial notice of the existence of these publicly available court records. *See Anderson v. Rochester–Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (noting that courts may consider matters that are subject to judicial notice, including court records

discrimination, the Northern District of Geroge is a proper venue under Title VII's venue provision.

**B.      General venue provision**

With respect to Plaintiff's Section 1981 claims, both this District and the Northern District of Georgia appear to be proper districts. Such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purpose of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

MetLife maintains its headquarters in New York, New York, and, assuming Plaintiff can assert claims against Defendant Murphy, who appears to reside in New York, from the face of the complaint, the Court finds that this district is a proper venue for Plaintiff' Section 1981 claims under Section 1391(b)(1). However, because a substantial part of the events give rise to Plaintiff's claims occurred in Atlanta, the Northern District of Georgia also is a proper venue for this action under Section 1391(b)(2).

**C.      Section 1404(a) transfer**

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the

3

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Atlanta, Georgia, where Plaintiff was employed and where it is reasonable to expect that all relevant documents and witnesses would be located. Moreover, because Plaintiff already filed an employment action in the Northern District of Georgia, concerning the events giving rise to his termination by MetLife, that court is likely in a better position to consider the merits of this new action. For these reasons, the Northern District of Georgia appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of Georgia. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 10, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff did not pay the fees or request that the fees be waived.